Amy L. Bennecoff (275805)
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: 215-540-8888
Facsimile: 215-540-8817
abennecoff@creditlaw.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KNUTE ALLMENDINGER, | ) Case No.: |
| | ) |
| Plaintiff, | ) **COMPLAINT FOR DAMAGES** |
| | ) **1. VIOLATION OF THE FAIR** |
| v. | ) **DEBT COLLECTION PRACTICES** |
| | ) **ACT, 15 U.S.C. §1692 ET. SEQ.;** |
| MIDLAND FUNDING, LLC, | ) **2. VIOLATION OF THE** |
| MIDLAND CREDIT | ) **ROSENTHAL FAIR DEBT** |
| MANAGEMENT, INC; and | ) **COLLECTION PRACTICES ACT,** |
| ENCORE CAPITAL GROUP, INC., | ) **CAL. CIV. CODE §1788 ET. SEQ.** |
| | ) |
| Defendants. | ) **JURY TRIAL DEMANDED** |

## COMPLAINT

KNUTE ALLMENDINGER (hereinafter "Plaintiff"), by and through his

attorneys, KIMMEL & SILVERMAN, P.C., allege the following against

MIDLAND FUNDING, LLC ("Defendant Midland"), MIDLAND CREDIT

MANAGEMENT, INC ("Defendant MCM"); and ENCORE CAPITAL GROUP,

INC. ("Defendant Encore").

**INTRODUCTION**

1.      Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, *et seq*. ("RFDCPA").

**JURISDICTION AND VENUE**

2.      Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.      Further, this Honorable Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4.      Defendants' principal place of business is located in the State of California; therefore, personal jurisdiction is established.

5.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

**PARTIES**

6.      Plaintiff is a natural person residing in Fiddletown, California 95629.

7.      Plaintiff, is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8.      Defendant Midland is a corporation specializing in debt collection and conducts business at 8875 Aero   Drive., Suite 200, San Diego, CA

92123.

9.      Defendant MCM is a corporation specializing in debt collection and conducts business at 8875 Aero Dr., Suite 200, San Diego, CA 92123.

10.     Defendant Encore is a corporation specializing in debt collection and conducts business at 8875 Aero Dr., Suite 200, San Diego, CA 92123.

11.     Defendants are each a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiffs in an attempt to collect a debt.

12.     Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

13.     At all relevant times, Defendants contacted Plaintiff in their attempts to collect an alleged consumer debt.

14.     Upon information and belief, the alleged debt at issue arose out of transactions which were allegedly for personal, family, or household purposes, as Plaintiff does not have any business debt.

15.     The alleged debt belongs to an old acquaintance of the Plaintiff.

16.     Between October 2013 and November 2013, Defendants' collectors placed repeated harassing calls to Plaintiff in its efforts to collect this debt.

17.     In     November     2013,     Plaintiff notified Defendants in writing,

to cease further communications.  (See a true and correct copy of the Plaintiff's correspondence attached hereto and incorporated herein as Exhibit "A").

18.     Plaintiff informed Defendants that he was unable to assist them in locating the alleged debtor.  (See Exhibit "A").

19.     However, Defendants continued to contact Plaintiff on a near daily basis, sometimes calling multiple times per day.

20.     For example, Defendants called Plaintiff on November 4, 2013, at 10:16 a.m., and 2:31 p.m.; November 7, 2013, at 9:59 a.m., and 10:32 a.m.; and on November 13, 2013, at 8:56 a.m., and 7:10 p.m.

21.     Defendants also called Plaintiff on November 5, 2013, November 8, 2013, November 10, 2013, and November 12, 2013.

22.     Defendants' calls to Plaintiff were harassing, abusive and annoying in that Defendant's collectors had a angry tone in their communications with Plaintiff, demanded Plaintiff allow them to record the call and refused to identify themselves.

23.     When Plaintiff refused to allow the call to be recorded, demanded to know Defendants' collector's identity, and mentioned that he had sent Midland Credit a "cease and desist " notice, the collector became angry, mumbled something unintelligible and hung up.

24.     Upon information and belief, Defendants took the herein described actions with the intent to annoy, abuse    and harass Plaintiff.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## COUNT I
### DEFENDANTS VIOLATED § 1692b(1) OF THE
### FAIR DEBT COLLECTION PRACTICES ACT

25.      A debt collector violates §1692b(1) of the FDCPA by communication with any person other than the consumer for the purpose of acquiring location information about the consumer and failing to identify himself, state that he is confirming or correcting location information concerning the consumer, and, if expressly requested, identify his employer.

26.      Defendants violated §1692b(1) when they contacted Plaintiff concerning the alleged consumer debt of an acquaintance and failed to identify himself, state that he was confirming or correcting location information concerning the consumer, and, when expressly requested, failed to identify his employer.

## COUNT II
### DEFENDANTS VIOLATED § 1692b(3) OF THE
### FAIR DEBT COLLECTION PRACTICES ACT

27.      A debt collector violates §1692b(3) of the FDCPA by communication with any person other than the consumer for the purpose of acquiring location information about the consumer when it communicates with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now  has   correct   or   complete   location

information.

28.     Defendants violated §1692b(3) when they repeatedly contacted Plaintiff concerning the alleged consumer debt of an acquaintance after being informed that that Plaintiff could not assist them.

## COUNT III
## DEFENDANTS VIOLATED §1692c(c) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

29.     A debt collector violates §1692c(c) of the FDCPA if communications continue after a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except— (1) to advise the consumer that the debt collector's further efforts are being terminated; (2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or (3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.  When such notice from the consumer is made by mail, notification shall be complete upon receipt.

30.     Defendants violated §1692c(c) when they continued to contact Plaintiff at least ten times after Plaintiff notified Defendants in writing to cease further communications.

## COUNT IV
## DEFENDANTS VIOLATED § 1692d OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

31.   Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person, in connection with the collection of a debt.

32.   Defendants violated § 1692d of the FDCPA when their collectors communicated with Plaintiff in an angry tone and manner, demanded to record the call and refused to identify themselves upon request.

## COUNT V
## DEFENDANTS VIOLATED § 1692d(5) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

33.   Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

34.   Defendants violated § 1692d(5) of the FDCPA when they caused Plaintiffs' telephone to ring repeatedly and continuously, calling nearly every day and at times more than once a day, with the intent to harass or annoy Plaintiffs.

## COUNT VI
## DEFENDANTS VIOLATED § 1692d(6) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

35.   Section 1692d(6) of the FDCPA prohibits debt collectors from the placement of telephone calls without   meaningful disclosure of the caller's

identity.

36.     Defendants violated 1692d(6) of the FDCPA when it called Plaintiff and their collectors failed to disclose their identity.

## COUNT VII
## DEFENDANTS VIOLATED THE
## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

37.     Section 1788.17 of the California Civil Code mandates that every debt collector attempting to collect a consumer debt shall comply with sections 1692b through 1692j of the FDCPA.

38.     Defendants violated Cal. Civ. Code § 1788.17 when they violated the FDCPA, for the reasons set forth in this Complaint.

WHEREFORE, Plaintiff, KNUTE ALLMENDINGER, respectfully pray for a judgment as follows:

  a.  All actual damages;

  b.  Statutory damages;

  c.  All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3);

  d.  Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, KNUTE ALLMENDINGER, demand a jury trial in this case.

DATED: 1/28/2014

RESPECTFULLY SUBMITTED,
KIMMEL & SILVERMAN, P.C.

By: /s/Amy L. Bennecoff
Amy L. Bennecoff (275805)
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (215) 540-8817
Email: abennecoff@creditlaw.com
Attorney for Plaintiffs

PLAINTIFF'S COMPLAINT